FOR PUBLICATION

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In the matter of | : | Case No. 08-18700/JHW |
| John T. Kemp | : | |
| Debtor | : | **OPINION ON MOTION TO RECLASSIFY SECURED CLAIM** |

APPEARANCES:  Steven N. Taieb, Esq.
1155 Route 73, Suite 11
Mt. Laurel, New Jersey 08054
Counsel for the Debtor

> **FILED**
> JAMES J. WALDRON, CLERK
>
> July 17, 2008
>
> U.S. BANKRUPTCY COURT
> CAMDEN, N.J.
> BY: Theresa O'Brien,
> Judicial Assistant to
> Chief Judge Wizmur

This matter raises the issue of whether a Chapter 13 debtor's quest to reclassify a wholly unsecured mortgage on his residence as an unsecured claim must be brought by adversary proceeding, or whether it may be determined on the debtor's motion. In the recent Third Circuit decision in <u>In re Mansaray-Ruffin</u>, No. 05-4790, ___ F.3d ____, 2008 WL 2498048 (3d. Cir. June 24, 2008), the court held that a Chapter 13 debtor may not invalidate a lien through a Chapter 13 plan provision, but must file an adversary proceeding to do so. Because the <u>Mansaray-Ruffin</u> decision drew a distinction between challenging the validity of a lien and valuing the collateral to which that lien attaches to determine the amount of the secured claim, I conclude that the filing of an

adversary proceeding is not mandated here.  The debtor's motion to reclassify the secured claim may be granted.

## **FACTS**

The debtor filed his Chapter 13 bankruptcy on May 9, 2008.  He listed his residence in Audubon, New Jersey as having a value of $200,000.  Following the filing, the debtor obtained a broker's price opinion valuing the property at $194,500.  The payoff of his first mortgage with J.P. Morgan Chase is $227,429.66.  He listed a second mortgage against the Audubon property held by HSBC in the amount of $48,549.26.

On June 12, 2008, the debtor filed a motion to reclassify the claim of HSBC as wholly unsecured.  He relied appropriately on the case of In re McDonald, 205 F.3d 606 (3d Cir.), cert. denied, 531 U.S. 822, 121 S. Ct. 66, 148 L.Ed.2d 31 (2000)  for the proposition that a wholly unsecured mortgage on a Chapter 13 debtor's residence may be reclassified as unsecured and treated with other unsecured creditors in the Chapter 13 plan.  The motion is unopposed.

## **DISCUSSION**

The issue presented is whether the debtor may avail himself of the relief he seeks, i.e., the reclassification of the HSBC second mortgage from its secured status to treatment as an unsecured creditor, without filing an adversary proceeding in the case. In pertinent part, Fed.R.Bankr.P. 7001 provides as follows:

> An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:
>
> . . .
>
> (2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d).

Fed.R.Bankr.P. 7001(2).

In <u>Mansaray-Ruffin</u>, the Chapter 13 debtor sought to rescind a mortgage held by EMC Mortgage Corporation against her property. She claimed numerous violations of the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1501 <u>et seq</u>. in connection with the origination of the mortgage. The mortgagee did not file a proof of claim in the case. The debtor filed an unsecured claim in the amount of $1,000 on behalf of EMC, and filed an amended Chapter 13 plan in

which she proposed that the mortgagee's claim would be

> fixed as an unsecured claim in the amount of $1000 unless it is able to object to this claim, the Debtor will cease making payments to EMC, and EMC will be obliged to satisfy its mortgage against the Debtor's home upon the discharge of its debt as filed or allowed.

2008 WL 2498048 at *1.  The amended plan was noticed to EMC, which did not object to the confirmation of the plan.  The plan was confirmed.  Nine months later, EMC commenced an adversary proceeding in the bankruptcy court seeking a determination that under Fed.R.Bankr.P. 7001(2), a lien could only be invalidated through an adversary proceeding, and that the debtor's confirmed plan did not affect its mortgage.

The Court of Appeals agreed with the bankruptcy court and the district court that EMC's mortgage was not invalidated by the confirmation of the debtor's plan.  Emphasizing that the Federal Rules of Bankruptcy Procedure "are binding and courts must abide by them unless there is an irreconcilable conflict with the Bankruptcy Code", the court held that the mortgagee did not waive its right to challenge the invalidation of its mortgage by failing to object to plan confirmation.  Id. at *3.  Because the adversary proceeding rule is mandatory, and is grounded in constitutional due process principles, the court determined that the policy of finality for confirmed Chapter 13 plans, as

codified in 11 U.S.C. § 1327,[1] "must yield to the principle that a plan cannot violate a mandatory provision of the Code," or in this case, a Bankruptcy Rule. Id. at *6.

The Mansaray-Ruffin court drew a critical distinction between the invalidation of a lien, e.g., under TILA rescission provisions, and so-called "lien stripping", whereby a Chapter 13 debtor may reduce or eliminate the amount due on a lien based on the value of the collateral to which the lien attached.[2] Id. at *4. See 11 U.S.C. § 506(a). The court noted that the concept of "lien

---

[1]    Section 1327 provides:

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

11 U.S.C. §1327.

[2]    "'Stripping off' a lien is a variant of 'stripping down' a lien. The distinguishable characteristic is that in a strip off, the entirety of the lien is negated while in a strip down, the partially secured lien is bifurcated and only the unsecured portion is removed." In re Bennett, 312 B.R. 843, 846 (Bankr. W.D. Ky. 2004).

stripping" is related to the valuation of collateral, not the validity of the lien. Therefore, cases that allow lien stripping through a confirmed Chapter 13 plan without filing an adversary proceeding "have no bearing on whether Mansaray-Ruffin could invalidate EMC's lien by using a provision to that effect in her plan". Id. Similarly, the court distinguished cases in which a debtor successfully fixed the amount of a secured claim in a Chapter 13 plan in an amount less than the creditor otherwise asserted, noting that such cases "do not involve a challenge to the validity of the lien itself". Id. A further distinction was drawn by the court between the lien invalidation sought by Mansaray-Ruffin and the circumstances outlined in the case of In re Fesq, 153 F.3d 113 (3d Cir. 1998), cert. denied, 526 U.S. 1018, 119 S. Ct. 1253, 143 L.Ed.2d 350 (1999). In Fesq, the Court of Appeals refused to revoke an order of confirmation where the Chapter 13 bankruptcy plan provided for full satisfaction of the creditor's $70,000 judgment lien with a single payment of $7,050. In the absence of fraud, the court refused to revoke the order of confirmation. Again, the Mansaray-Ruffin court highlighted the difference between lien invalidation and the modification of a secured claim to comport with the value of the collateral in a lien stripping case. Id. at *10-11.

Here, the debtor is not seeking to invalidate the lien of HSBC. Rather, the debtor seeks to strip the HSBC lien based on the value of the collateral.

The Mansaray-Ruffin court, citing to the Ninth Circuit case of In re Enewally, 368 F.3d 1165, 1173 (9th Cir.), cert. denied, 543 U.S. 1021, 125 S. Ct. 669, 160 L.Ed.2d 497 (2004), confirmed that Rule 7001 does not require a debtor to file an adversary complaint where the debtor seeks to modify the lien amount based on the value of the collateral. Id. at *9-10.

> Under Rule 7001, the proceedings that require an adversary are those "to determine the validity, priority, or extent of a lien". "'Validity' means the existence or legitimacy of the lien itself, 'priority' means the lien's relationship to other claims to or interests in the collateral, and 'extent' means the scope of the property encompassed by or subject to the lien.

In re Dickey, 293 B.R. 360, 363 (Bankr. M.D.Pa. 2003) (quoting In re King, 290 B.R. 641, 645-47 (Bankr. C.D. Ill. 2003)). See also In re Bennett, 312 B.R. at 847. Many courts agree that lien stripping does not constitute either a challenge to the validity or the extent of the lien under Rule 7001(2). The term "extent of the lien" "involves the property itself on which the lien is assertedly fixed. . . . For example, several types of property may be claimed as collateral, but a dispute often arises as to whether the lien in fact exists on all such property." 10 Lawrence P. King, Collier on Bankruptcy, ¶ 7001.03[1] at 7001-10 (15th Ed. Rev. 2008). While the term "extent" suggests a reference to the value of the property subject to the lien, which would require the filing of an adversary proceeding to determine value, that interpretation is inconsistent with Rule 3012, which provides that "[t]he court may determine the value of a

claim secured by a lien on property in which the estate has an interest on motion of any party in interest." Fed.R.Bankr.P. 3012.  As explained in <u>Collier</u>,

> Under section 506(a) of the Code, secured claims are to be valued and allowed as secured to the extent of the value of the collateral and unsecured for the excess over such value.  Rule 3012 implements section 506(a) and provides that the court may determine the value of a claim secured by a lien on property in which the estate has an interest on <u>motion</u> of any party in interest.  One could argue that such a proceeding is one to determine the "extent" of the lien.  The Advisory Committee Note to Rule 3012 refutes this notion by making the distinction that a Rule 7001 adversary proceeding "is relevant to the basis of the lien itself" as distinguished from valuation for the purposes given in examples in that Note, such as to determine the issue of adequate protection under section 361, impairment under section 1124 or treatment of the claim in a plan pursuant to section 1129(b).  Thus, under the Bankruptcy Rules, valuation is accomplished by motion under Rule 9014, rather than in an adversary proceeding under Rule 7001.

<u>Id</u>. at 7001-11 (footnotes omitted).  <u>See</u> <u>also</u> <u>In re Hudson</u>, 260 B.R. 421, 433 (Bankr. W.D. Mich. 2001) ("Extent", as used in Rule 7001(2), is not synonymous with collateral valuation, but rather concerns identification of the collateral to which the lien attaches.).

      I conclude that Rule 7001(2) does not mandate the filing of an adversary proceeding to accomplish the reclassification of the claim of HSBC to unsecured status in this case.  The debtor's motion seeking that relief is granted.

-9-

Dated:  July 17, 2008

                                                                                
JUDITH H. WIZMUR
CHIEF JUDGE
U.S. BANKRUPTCY COURT

-9-